IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DONALD RAY TAYLOR #1028547 | § | |
| v. | § | CIVIL ACTION NO. 9:05cv44 |
| DOUGLAS DRETKE, ET AL. | § | |

MEMORANDUM OPINION AND ORDER OF DISMISSAL

The Plaintiff Donald Taylor, an inmate currently confined in the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights during his confinement in the prison. The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in this proceeding. 28 U.S.C. §636(c).

An evidentiary hearing was conducted pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985) on June 28, 2005. In his complaint, and at the hearing, Taylor stated that he was convicted on January 18, 2001. He took a direct appeal, with the assistance of counsel, and his conviction was affirmed on October 29, 2003. After this affirmance, he filed a *pro se* motion for copies of the trial record so that he could file a petition for discretionary review. The record was prepared and mailed to him, but two mailroom officials at the Eastham Unit, Laura Morgan and Carolyn Hanley, returned the package to the sender. Taylor says that he learned from the state appellate court that the transcripts had been returned, and contacted the mailroom, but both Hanley and Morgan said that Taylor had not received any legal mail. As a result of not receiving the records, Taylor said, he was unable to file his petition for discretionary review.

The on-line records of the Fifth Judicial District Court of Appeals docket sheet of Taylor's appeal shows that the opinion issued from the Fifth Court of Appeals on October 29, 2003. On November 21, 2003, Taylor filed a pro se motion. According to Taylor's complaint, this appears to

1

have been a motion for designation of the record and his request for the court reporter's record. On December 2, 2003, the motion was granted. In December of 2003, Taylor filed a petition for writ of mandamus, which was denied on January 13, 2004. The mandate issued on January 28, 2004. On March 25, 2004, the Texas Court of Criminal Appeals denied a motion for extension of time in which to seek discretionary review. *See* http://www.courtstuff.com/files/05/01/05010197.htm.[1]

In his Step One grievance, Taylor says that on February 17, 2004, he asked the mailroom staff about his package, but Morgan told him that no transcripts had been received or returned. He stated that Hanley got the mail log and showed him that no legal mail had been received for him. The response to this grievance said that Hanley and Morgan both reported that the mailroom records do not reflect the receipt or return of any certified mail, and that other attempts had been made to verify Taylor's allegations but without success.

Taylor then filed a Step Two grievance, attaching copies of letters and documents which he had received from the court in Dallas and the Court Reporters' Certification Board, where he had filed a complaint against the court reporter in his criminal case. These documents show that the transcript was mailed to Taylor at the Eastham Unit but was returned with the notation "RTS, not approved, must have prior approval."

At the Spears hearing, Chip Satterwhite, a regional grievance coordinator from TDCJ-CID, acknowledged that Taylor's package had in fact been handled improperly. The response to Taylor's Step Two grievance says that based on the evidence which Taylor provided, it was found that the Eastham Unit mailroom staff did erroneously process the package in question. Satterwhite explained that the mailroom people apparently did not realize that the package was from a court reporter, so it was not logged in as legal mail; because inmates cannot receive non-legal packages from individuals without prior approval, it was returned to the sender.

---

[1] The on-line records of the Court of Criminal Appeals show that this motion was filed on March 25, 2004, and denied the same day. *See* http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=224851.

Legal Standards and Analysis

The Fifth Circuit has held that the negligent mishandling of legal mail does not set out a claim of constitutional dimensions. Richardson v. McDonnell, 841 F.2d 120 (5th Cir. 1988). This is because a claim of negligence alone is insufficient to state a valid civil rights claim under 42 U.S.C. §1983.  The Supreme Court has stated that the Due Process Clause of the Fourteenth Amendment is not implicated by a negligent act of an official causing unintended injury to life, liberty, or property.  Daniels v. Williams, 474 U.S. 327, 331-33 (1986).  Complaints by prisoners for negligence on the part of prison officials, even where serious injury occurs, do not set out a valid claim under the Civil Rights Act even if such complaints could be valid under state law.  *See* Bowie v. Procunier, 808 F.2d 1142 (5th Cir. 1987).

There is no doubt that Taylor's legal mail was handled improperly and that he should have been given his transcript when it first arrived at the unit.  The response to his Step Two grievance acknowledges this fact, and the TDCJ-CID Regional Grievance Coordinator testified to this effect at the Spears hearing.  However, the evidence before the Court shows that this error was the result of negligence; there is no evidence whatsoever even to intimate that his transcripts were returned as a result of deliberate indifference to his rights rather than mere negligence or carelessness.

Taylor argues that the mistake was due to deliberate indifference but the only basis which he offers for this premise is that the incident happened, and that when he complained about it, Hanley and Morgan denied it.  This is not sufficient to show that Hanley and Morgan were deliberately indifferent to his rights; rather, it appears that they were unaware of the mistake that had been made because the transcripts were not recorded as legal mail.  The return address, as shown in the documents which Taylor attached to his Step Two grievance, was given as "Ester's Road Postal Center." Nothing on the documents which Taylor provides shows that the item was a legal document or that it came from a court reporter, or otherwise gave notice to the unit mailroom that the item should be logged as legal mail.  Hence, it is clear that Hanley and Morgan did not recognize the package for what it was and erroneously sent it back.  As recognized by the Step Two grievance and

Satterwhite's testimony, a mistake was made; however, nothing in the record points to deliberate indifference to Taylor's rights. Because negligence and carelessness do not rise to the level of a constitutional violation, Taylor's lawsuit under Section 1983 must fail.

## Conclusion

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees. Section 1915A(b) requires that upon review, the court shall identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

The term "frivolous" means that a complaint lacks an arguable basis in law or fact; a complaint is legally frivolous when it is based upon an indisputably meritless legal theory. Neitzke v. Williams, 490 U.S. 319, 325-7 (1989). A complaint fails to state a claim upon which relief may be granted if as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Neitzke v. Williams, 490 U.S. 319, 327, (1989), *citing* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); *see also* Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

In this case, Taylor's claim lacks any arguable basis in law and fails to state a claim upon which relief may be granted in federal court, because it is a claim of negligence, which is not a constitutional claim under 42 U.S.C. §1983. Consequently, his lawsuit may be dismissed as frivolous under 28 U.S.C. §1915A(b). *See generally* Thompson v. Patteson, 985 F.2d 202 (5th Cir. 1993). It is accordingly

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

So **ORDERED** and **SIGNED** this **18** day of **October, 2005.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE